A serious and difficult question arises in this action on the construction of the third subdivision of the fourth section of the statute concerning "the assessment and collection "of taxes." (1 R.S. 388.) The precise point for decision is, the true meaning of the words — "other seminary of "learning," used in the clause, "every building erected for "the use of a college, incorporated academy, or other seminary "of learning," shall be exempt from taxation.
The appellant is the proprietor of a large "boarding and "day school for young ladies" in the city of New York. The buildings which she occupied, were erected for dwelling houses, but were altered to suit the purpose of their present occupancy, and cannot be used for any other purpose without entire alterations. The appellant claims that they were *Page 383 
erected for a seminary of learning, and are consequently exempt from taxation.
It is by no means clear, what buildings the legislature intended to designate by the terms under consideration. But considering the object and policy of the statute, and the connection in which the terms are used, in my opinion we reach their true meaning, by holding that they embrace buildings erected for educational purposes by incorporated associations, other than colleges and academies.
While concurring in the conclusion to which the superior court arrived, I deem it my duty to express my entire dissent from the reasoning of the learned judge, who delivered the opinion of that court, so far as it is founded on a distinction between the children of the rich and the poor.
Judgment affirmed.